

JUDGE SCHOFIELD

14 CV 4155

1UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

LARRY JONES,

        Plaintiff,

    -against

THE CITY OF NEW YORK, ROBERT T.
JOHNSON, THE  DISTRICT ATTORNEY
OF THE CITY OF NEW YORK, FOR
BRONX COUNTY, DETECTIVE DEBRA
JACK, POLICE OFFICER JUAN G.
RODRIGUEZ,  THE NEW YORK CITY
POLICE DEPARTMENT, UNKNOWN
POLICE OFFICERS, "JOHN DOES A-Z"
individually and in their capacities as Police
Officers of the New York City Police
Department,

Civil Action No.:

**COMPLAINT**

---

    The plaintiff, Larry Jones, by his attorneys Preston & Wilkins, PLLC, for his complaint

states as follows:

### PRELIMINARY  STATEMENT

    1.      This is an action for money damages for violation of the constitutional rights of Larry

Jones by the City of New York, Robert. T. Johnson, the District Attorney of the City of New York,

for Bronx County, Detective Debra Jack,  Police Officer Juan G. Rodriguez,  the New York City

Police Department, Unknown Police Officers, "John Does A-Z" individually and in their capacities

as  Police  Officers  of  the  New  York  City  Police  Department  (collectively  referred  to  as  the

"Defendants"),  pursuant to 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth, Sixth and Fourteenth

Amendments of the United States Constitution and the New York State Constitution. The Defendants, acting at all relevant times under color of state law, arrested the plaintiff without probable cause and maliciously prosecuted Plaintiff.

2.      Plaintiff files this action pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1983 and 1985 as amended by the Civil Rights Act of 1991 and the common law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(1), (3), (4), as claims set forth herein allege violations of 42 U.S.C. §§ 1983 and 1985 as amended by the Civil Rights Act of 1991. Plaintiff also invokes the pendent jurisdiction of this Court to hear and decide claims under the New York State Constitution and the common law.

4.      Venue in this District is proper under 28 U.S.C. S § 1391(b) because the events or omissions giving rise to the claims alleged in this complaint occurred in this District.

5.      Plaintiff duly filed with the City of New York a verified notice of claim setting forth plaintiff's notice of intention to sue for payment of such claims.

6.      More than thirty (30) days have elapsed since the filing of said notice of claim and before the commencement of this suit and payment of said claim has not been made.

7.      Plaintiff has duly complied with all statutory provisions and laws applicable to defendants, and has duly and timely complied with all the conditions precedent to the making of this claim and the bringing of this action. This claim has been presented, and this action has been commenced, within the period of time prescribed and provided by statute and law.

## PARTIES

8.      Plaintiff Larry Jones (hereinafter "Jones") is a Black African American male. At

the time of this incident, the plaintiff was a resident of the County of Bronx, City and State of New York.

9.      Defendant City of New York is a municipal corporation within the State of New York and owns, operates, manages, directs and controls the New York City Police Department.

10.      Defendant Robert T. Johnson, as the District Attorney of the City of New York, Bronx County is an agent and/or employee of the City of New York.

11.      The District Attorney is a policy maker of the City of New York and is responsible for the training and supervision of Assistant District Attorneys that report to him.

12.      At all times hereinafter relevant, Detective Debra Jack was a detective employed by defendant City of New York.

13.      Upon information and belief, defendant Detective Debra Jack was at all relevant times acting as an agent, servant, and/or employee of defendant City of New York and under color of state law.   Detective Jack is  being sued in both her individual and official capacities.

14.      At all times hereinafter relevant, Police Officer Juan G. Rodriguez was a police officer employed by defendant City of New York.

15.      Upon information and belief, defendant Officer Rodriguez was at all relevant times acting as an agent, servant, and/or employee of defendant City of New York and under color of state law.  Officer Rodriguez is  being sued in both his individual and official capacities.

16.      At all times hereinafter relevant, defendants Unknown Police Officers "John Does A-Z" (hereinafter collectively "City Police"), were officers employed by defendant City of New

3

York.

17.    Upon information and belief, defendants City Police were and are assigned to the

47th Precinct, in the County of Bronx, City and State of New York.  At all relevant times known,

they acted as the agents, servants, and/or employees of defendant City of New York.   They are

being sued in both their individual and official capacities.

## STATEMENT OF FACTS

18.    On October 1, 2011, at approximately 10:00 p.m., Plaintiff Jones,

was lawfully and properly operating his vehicle on Gun Hill Road, in the County of Bronx, City

and State of New York, when he was pulled over by Defendants.

19.    Upon information and belief, at all times hereinafter mentioned, Defendants

were working for defendant City of New York, and were acting in the course of their

employment, under color of law as employees of defendant City of New York.

20.    Plaintiff Jones and his passenger were told to exit the vehicle and were then

subject to a warrantless arrest.

21.    While in the vicinity of Eastchester Road and Hawthorne Avenue, Bronx, New

York, Plaintiff Jones was shown to two individuals and asked if Plaintiff Jones was involved in a

shooting that had previously happened in the vicinity of 1744 Givan Avenue, Bronx, New York.

22.    Upon information and belief, an unidentified individual had fired a gun and

injured Edward Santiago at 1744 Givan Avenue, Bronx, New York on October 1, 2011.

23.    On October 1, 2011 Plaintiff Jones was transported to the 47th Precinct, where he

was charged with Attempted Murder, Assault, Menacing, and Criminal Possession of a Weapon.

24.    Plaintiff was arraigned on the above charges and denied bail.  The plaintiff was

4

then transferred into the custody of the New York City Department of Correction.

25.     On October 26, 2011, Plaintiff's Counsel was advised that the corporeal non-lineup identification of Larry Jones on October 1, 2011 in the vicinity of Eastchester Road and Hawthorne Street was not a legally sufficient identification.

26.     Despite lacking any probable cause, Mr. Jones was held in custody on the above charges until January 23, 2013, when he was released.

27.     On April 26, 2013, the action was dismissed and all pending criminal charges related to the action were also dismissed by the Hon. Judge William I. Mogulescu.

28.     The false criminal charges against plaintiff and plaintiff's wrongful arrest and imprisonment were without any legitimate cause or justification and Defendants' actions were intentional, malicious, reckless and in bad faith.

29.     The detention, false arrest and malicious prosecution of the plaintiff took place without probable cause and consent; was conducted within the scope of and during the employment of said defendants; and as such were within the knowledge of, approved and ratified by defendant City of New York.

30.     As a direct and proximate result of the defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to consequential damages and mental, emotional and psychological injuries which some or all of may be permanent.

31.     As a direct and proximate result of defendants' actions, plaintiff was deprived of his rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New York.

5

## FIRST CAUSE OF ACTION
### (Malicious Prosecution - All Defendants)

32.     Plaintiff incorporates herein each and every allegation contained in Paragraphs "1 through 31 of this complaint, as if fully set forth herein.

33.     Defendants commencement and continuation of the criminal proceedings against Plaintiff Jones was malicious and without probable cause.

34.     The criminal proceedings against Plaintiff Jones were terminated in his favor.

35.     Accordingly, Defendants are liable to Plaintiff Jones for malicious prosecution.

36.      As a direct and proximate result of the defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to consequential damages and mental, emotional and psychological injuries which some or all of may be permanent.

## SECOND CAUSE OF ACTION
### (Unlawful Deprivation of Constitutional Rights and 42 U.S.C. § 1983)
### (Detective Debra Jack and Police Officer Juan G. Rodriguez)

37.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 36 of this complaint, as if fully set forth herein.

38.     The unlawful arrest and malicious prosecution of Plaintiff Jones was without probable cause and was malicious.

39.     Defendant Debra Jack and Officer Juan G. Rodriguez individually, and in concert with others, acted under pretense and color of law, and in their official capacities.

40.     The acts of the defendant Debra Jack and Juan G. Rodriguez and each of them individually, and in concert with each other, were beyond the scope of their jurisdiction and without authorization of the law.

6

41.     The said acts of defendants were an abuse of their powers and each defendant acted willfully, knowingly and with specific intent to deprive Jones of his rights to freedom from unlawful arrest, detention and prosecution; all said rights being secured to Jones under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

42.     As a direct and proximate result of the defendants' actions, Jones suffered and continues to suffer injuries, including but not limited to consequential damages and mental, emotional and psychological injuries, some or all of which may be permanent.

43.     By reason of the foregoing, Jones has suffered damages in the amount of One Million Dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION
**(Unlawful Deprivation of Constitutional Rights and 42 U.S.C. § 1983)**
**(The City of New York)**

44.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 43 of this complaint, as if fully set forth herein.

45.     The acts of Defendants in falsely arresting Plaintiff Jones alleged herein were committed either with the knowledge and consent of defendant City of New York or were thereafter approved and ratified by said defendant, or were the result of gross negligence of defendant City of New York in training, hiring supervising and controlling the actions of Defendants and John Does while in the performance of their duties and official capacities, although defendant City of New York knew, or should have known, that Defendants and John Does were inexperienced in police work and inadequately trained and unfamiliar with the provisions of the New York Penal law.

46.     The harm suffered by Jones was a direct result of a policy or custom of the

7

defendant City of New York, in implementing an inadequate training program for Defendant and John Does displayed a deliberate indifference to the constitutional rights of citizens, including plaintiff, within the jurisdiction of defendant City of New York.

47.     As a direct and proximate result of the defendants' actions, Jones suffered and continues to suffer injuries, including but not limited to consequential damages and mental, emotional and psychological injuries, some or all of which may be permanent.

48.     By reason of the foregoing, Jones has suffered damages in the amount of One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION
### (Unlawful Deprivation of Constitutional Rights and 42 U.S.C. § 1983)
### (The City of New York)

49.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 48 of this complaint, as if fully set forth herein.

50.     The acts of Defendants in subjecting Plaintiff Jones to illegal and insufficient police procedures, were committed either with the knowledge and consent of defendant City of New York or were thereafter approved and ratified by said defendant, or were the result of gross negligence of defendant City of New York in training, hiring supervising and controlling the actions of Defendants and John Does while in the performance of their duties and official capacities.

51.     The harm suffered by Jones was a direct result of a policy or custom of the defendant City of New York and displays a deliberate indifference to the constitutional rights of citizens, including plaintiff, within the jurisdiction of defendant City of New York.

8

52.     As a direct and proximate result of the defendants' actions, Jones suffered and continues to suffer injuries, including but not limited to consequential damages and mental, emotional and psychological injuries, some or all of which may be permanent.

53.     By reason of the foregoing, Jones has suffered damages in the amount of One Million Dollars ($1,000,000.00).

**FIFTH CAUSE OF ACTION**
**(Unlawful Deprivation of Constitutional Rights and 42 U.S.C. § 1983)**
**(The City of New York)**

54.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 53 of this complaint, as if fully set forth herein.

55.     The acts of Defendants in subjecting Plaintiff Jones to a malicious prosecution were committed either with the knowledge and consent of defendant City of New York or were thereafter approved and ratified by said defendant, or were the result of gross negligence of defendant City of New York in training, hiring supervising and controlling the actions of Defendants and John Does while in the performance of their duties and official capacities.

56.     The harm suffered by Jones was a direct result of a policy or custom of the defendant City of New York and displays a deliberate indifference to the constitutional rights of citizens, including plaintiff, within the jurisdiction of defendant City of New York.

57.     As a direct and proximate result of the defendants' actions, Jones suffered and continues to suffer injuries, including but not limited to consequential damages and mental, emotional and psychological injuries, some or all of which may be permanent.

58.     By reason of the foregoing, Jones has suffered damages in the amount of One Million Dollars ($1,000,000.00).

9

### SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (All Defendants)

59.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 58 of this complaint, as if fully set forth herein.

60.     By unlawfully arresting and maliciously prosecuting Jones, Defendants did intentionally and willfully inflict emotional distress upon Jones.

61.     The acts and omissions of Defendants were committed by defendants in their official capacities as employees and agents of defendant City of New York, and upon the request, command and procurement of defendant City of New York.

62.     As a direct and proximate result of the defendants' actions, Jones suffered and continues to suffer injuries, including but not limited to consequential damages and mental, emotional and psychological injuries, some or all of which may be permanent.

63.     By reason of the foregoing, City of New York intentionally inflicted emotional distress upon Jones, thereby causing Jones to suffer damages in the amount of One Million Dollars ($1,000,000.00).

### SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (All Defendants)

64.     Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 63 of this complaint as if fully set forth herein.

65.     As employees and agents of defendant City of New York and responsible for safeguarding the public, Defendants owed to Jones a duty of reasonable care.

10

66.    By unlawfully detaining and arresting, and maliciously prosecuting Jones, Defendants breached their duty of care to Jones.

67.    The acts and omissions of Defendants were committed by defendants in their official capacities as employees and agents of defendant City of New York, and upon the request, command and procurement of defendant City of New York.

68.    As a direct and proximate result of the defendants' actions, Jones suffered and continues to suffer injuries, including but not limited to consequential damages and mental, emotional and psychological injuries, some or all of which may be permanent.

69.    By reason of the foregoing, John Does negligently inflicted emotional distress upon Jones, thereby causing Jones to suffer damages in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiff Jones, demands the following relief, jointly and severally, against all the defendants:

A. Compensatory and Consequential damages in the amount of One Million Dollars ($1,000,000.00), plus interest and costs;

B. Punitive damages in the amount of One Million Dollars ($1,000,000.00);

C. Attorneys' fees and costs of this litigation, as provided by 42 U.S.C. § 1988. And

D. Such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure the plaintiff hereby demands trial by jury on all triable issues at law.

Dated: June 3, 2014

11

By: Gregory R. Preston, Esq.
Preston & Wilkins, PLLC
Attorneys for Plaintiff
3000 Hempstead Turnpike, Suite 317
Levittown, New York 11756
(212) 809-5808